**In re Anonymous No. 130 D.B. 88**

Disciplinary Board Docket no. 130 D.B. 88.

ECKELL, *Member,* May 14, 1990—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## HISTORY OF PROCEEDINGS

On December 19, 1988, the Office of Disciplinary Counsel filed a petition for discipline against respondent, docketed at no. 130 D.B. 88. The petition alleged that respondent had neglected legal matters entrusted to him and failed to fulfill professional obligations to two clients. Respondent did not file an answer to the petition for discipline.

On August 2, 1989, the parties entered into a stipulation concerning some of the underlying facts in support of the petition for discipline.

On August 18, 1989, a hearing on the matter was held before Hearing Committee [ ], which consisted of [ ]. Respondent failed to attend the hearing or provide any explanation for his absence. (Notes of Testimony 5.)

By order of the Supreme Court of Pennsylvania dated August 31, 1989, respondent was suspended from the practice of law in the Commonwealth of Pennsylvania for a period of four years. (Petitioner's exhibit 3.) Respondent's suspension arose from prior disciplinary proceedings, docketed at nos. 89 D.B. 86 and 13 D.B. 88. (Pet. exh. 3-A and 3-B.)

On October 23, 1989, petitioner filed a brief to Hearing Committee [ ], requesting that respondent

510

be disbarred or, in the alternative, that he receive a consecutive one-year suspension from the practice of law.

On February 12, 1990, the hearing committee filed its report on the matter. The committee recommended that respondent receive a one-year suspension, to be served concurrently with the four-year suspension imposed on August 31, 1989.

The matter was adjudicated at the April 5, 1990 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

(1) Respondent was born in 1940 and admitted to the practice of law in the Commonwealth of Pennsylvania in 1987.

### Charge I

(2) In early March 1988, [A] retained respondent to defend him against a charge of retail theft. Because [A] had been convicted of retail theft on at least two prior occasions, this offense was a third-degree felony. (Pet. exh. 1 at 2.)

(3) On or about March 14, 1988, [A] pled "no contest" to the charge and his bond was revoked, at which time he was lodged at the [ ] County Jail Annex pending sentencing. (Pet. exh. 1 at 2.)

(4) On or about May 2, 1988, the Court of Common Pleas of [ ] County notified respondent by regular and certified mail that [A] was to be sentenced on May 24, 1988 at 9:30 a.m. (Pet. exh. 2.)

(5) Respondent failed to appear for [A's] sentencing, and [A] was therefore returned to jail to await sentencing at a later date.

(6) On or about May 27, 1988, [A], assisted by new counsel, was sentenced to two months incarceration, with credit for time served from March 14, 1988. [A] was released immediately, and apparently would have been released earlier had he attended the original sentencing proceeding on May 24, 1988.

(7) The petition for discipline alleges that respondent's conduct in the [A] matter violated the following Disciplinary Rules of the Code of Professional Responsibility:

(a) D.R. 6-101(A)(3)—which prohibits a lawyer from neglecting an entrusted legal matter; and

(b) D.R. 7-101(A)(2)—which prohibits a lawyer's intentional failure of carrying out an employment contract entered into with a client for professional services.

Petitioner believes respondent's conduct in this instance also violated the following Rules of Professional Conduct:

(a) Rule 1.1—which governs a lawyer's competent representation of a client; and

(b) Rule 1.3—which requires a lawyer to act with reasonable diligence and promptness when representing a client.

## Charge II

(8) On or about February 16, 1988, [B] retained respondent to represent him in a custody matter concerning his 14-year-old son. [B] paid respondent $110 for the initial conference and preparation and filing of the custody complaint. (Pet. exh. 2 at 4.)

(9) On or about February 28, 1988, respondent filed a complaint for custody of the son on [B's]

behalf, causing a hearing on the matter to be scheduled for March 28, 1988, before Judge [C]. (Pet. exh. 2 at 4.)

(10) [B] would testify that respondent never gave him notice of the hearing date. According to court records, service of the complaint or the order scheduling the hearing were never served on [B's] ex-wife, who had custody of the child. (Pet. exh. 2 at 5.)

(11) From February to mid-March 1988, respondent failed to communicate with [B] despite [B's] repeated telephone calls. (Pet. exh. 2 at 5.)

(12) Respondent failed to appear at the March 28, 1988 custody hearing, and did not provide [B] or the court with any explanation for his absence. The matter was continued by order dated March 29, 1988. (Pet. exh. at 5.)

(13) By letter dated March 29, 1988, the office of Judge [C] requested that respondent advise Judge [C] of the status of the matter. Respondent failed to communicate with [B] or the court regarding the custody matter.

(14) Petitioner averred that respondent's conduct in the [B] matter through the period ending March 31, 1988, violated the following Disciplinary Rules:

(a) D.R. 6-101(A)(3)—which prohibits a lawyer from neglecting an entrusted legal matter:

(b) D.R. 7-101(A)(1)—which sanctions a lawyer who intentionally fails to seek the lawful objectives of a client; and

(c) D.R. 7-101(A)(2)—which prohibits a lawyer from intentionally failing to carry out a contract of employment.

Petitioner asserted that respondent's conduct beginning April 1, 1988, violated the following Rules of Professional Conduct:

(a) Rule 1.4(a)—which requires a lawyer to keep a client informed of the status of a matter and promptly comply with reasonable requests for information.

## CONCLUSIONS OF LAW

(1) Petitioner is vested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania, and to prosecute all such cases as necessary.

(2) Respondent's failure to appear at his client's sentencing was a failure to competently represent his client, in violation of Rule of Professional Conduct 1.1.

(3) Respondent's failure to represent his client at a sentencing hearing was a failure to act with reasonable diligence, in violation of Rule of Professional Conduct 1.3.

(4) Respondent's failure to serve a custody complaint on the complainant's former wife or appear for the scheduled hearing on the matter constituted neglect of an entrusted legal matter, in violation of D.R. 6-101(A)(3).

(5) Respondent's failure to keep his client informed on the status of his custody complaint violated Rule of Professional Conduct 1.4(a).

## DISCUSSION

The threshold issue before the Disciplinary Board is whether respondent's conduct in the [A] and [B] matters violated any Disciplinary Rules of the Code

of Professional Responsibility or Rule of Professional Conduct.

Respondent has stipulated that he failed to appear at [A's] May 24, 1988 sentencing hearing despite the fact that he had been retained by [A] to defend him on a retail theft charge. (Pet. exh. 1 at 2.) Although respondent claimed that he was unaware of the May 24, 1988 sentencing hearing, we agree with petitioner that the Clerk of Court's notices by regular and certified mail constitute sufficient notice to respondent of the sentencing date. (Pet. exh. 2.) Because respondent failed to appear at the May 24, 1988 hearing, his client was without representation and was returned to the [ ] County Jail Annex. When the client, assisted by new counsel, appeared for sentencing on May 27, 1988, he was sentenced to two months' incarceration and given credit for time already served. Therefore, respondent's failure to appear at the May 24, 1988 hearing resulted in [A's] lodging at the jail three days longer than necessary.

It is the opinion of the board that respondent's failure to appear on [A's] behalf, despite his receipt of notice of the sentencing hearing, violated Rules of Professional Conduct 1.1 and 1.3 because respondent failed to competently represent his client or act with reasonable diligence and promptness.

Respondent has stipulated that he was retained by [B] to pursue a custody claim, and that after filing a complaint and causing a hearing to be scheduled, he took no further action on the matter. (Pet. exh. 2 at 4.) Respondent has further stipulated that he failed to respond to inquiries made by both the court and his client concerning the status of the matter. (Pet. exh. 2 at 4.)

Respondent's acknowledged failure to communicate with the court or his client about the case, and

his failure to take any further action on [B's] behalf, clearly constitutes neglect of an entrusted legal matter, in violation of D.R. 6-101(A)(3). Respondent's admitted continual refusal to communicate with [B] about the matter is a failure to keep his client informed of the status of his case, in violation of Rule of Professional Conduct 1.4(a).

Having determined that respondent's conduct in the [A] and [B] matters is problematic and in violation of Disciplinary and Professional Conduct Rules, the next issue before the board is the appropriate disciplinary sanction to be imposed.

It must be noted from the outset that respondent is currently serving a four-year suspension from the practice of law, imposed by Supreme Court order dated August 31, 1989. (Pet. exh. 3.) The events which led to respondent's four-year suspension arose from transactions independent of [A] and [B], but include other instances of neglect of entrusted legal matters and examples of what the hearing committee has called respondent's "cavalier attitude" and "total lack of concern for the legal process and its related activities." (Hearing Committee report at 5; pet. exh. 3-A and 3-B.)

Respondent failed to appear before the hearing committee at the scheduled August 18, 1989 hearing on the instant matter. He has failed to appear in the past to receive an informal admonition, and appears to be showing no sign of greater respect for the gravity of disciplinary proceedings. Because of respondent's apparent disregard for the serious nature of disciplinary sanctions and his repeated pattern of misconduct, we believe that the appropriate measure of discipline to be imposed in this instance is a one-year suspension from the practice of law to run

consecutively with the Supreme Court order of suspension imposed on August 31, 1989.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent be suspended from the practice of law for a period of one year, consecutive to the period of suspension imposed by the Supreme Court on August 31, 1989. The board recommends further that respondent be ordered to pay the costs of investigating and prosecuting this matter.

Ms. Heh and Mr. Brown did not participate in the adjudication.

## ORDER

And now, September 6, 1990, upon consideration of the report and recommendations of the Disciplinary Board dated May 14, 1990, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year, consecutive to the period of suspension imposed by the Supreme Court on August 31, 1989, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

Mr. Justice Papadakos files a dissenting statement in which Mr. Justice Larsen and Mr. Justice McDermott join.

## DISSENTING STATEMENT

PAPADAKOS, *J.*—By order of this court, dated August 31, 1989, respondent was suspended for a period of four years. Mr. Justice Larsen and I dissented and would have issued a rule to show cause why respondent should not be disbarred.

We now have presented to us a record of additional misconduct of an egregious nature and the court opts to suspend respondent for an additional one year. Again I must dissent and recommend that a rule to show cause why respondent should not be disbarred be issued.

Respondent's conduct the past six years shows a total lack of attention to matters entrusted to him and he has appropriated client funds to his own use. He has refused to comply with orders to appear for informal admonitions, each time requesting a change of date and each time failing to appear on the new date assigned. He has caused immeasurable damage to clients in support, paternity, and criminal cases. He has consistently lied to his clients and he has refused to respond to lawyers subsequently retained by his clients.

The Disciplinary Board has stated, "The facts clearly demonstrate that respondent engaged in continuous acts of misrepresentation, deceit and neglect of legal matters entrusted to him."

Since he does not offer adequate responses or explanations for his egregious conduct, I can only conclude that he has permanently given up his ambition to be a practicing lawyer. On the basis of his entire disciplinary record, I would issue a rule upon him to show cause why he should not be disbarred.